UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

SHAWN KESLING,

                 Plaintiff,

vs.

CENTURION OF IDAHO, LLC, et al.,

                 Defendants.

Case No. 1:26-cv-00160-BLW

**INITIAL REVIEW ORDER
BY SCREENING JUDGE**

Plaintiff Shawn Kelsing is in legal custody of the Idaho Department of Correction (IDOC) as a parolee. He currently resides in Florida. He has submitted a prisoner civil rights Amended Complaint (Dkt. 4) upon which he is authorized to proceed, with the exception of (1) his claims against Josh Tewalt, who had no personal participation in the alleged violation, and (2) his official capacity claims against all individuals, because no prospective injunctive relief in the form of prison medical care will be granted to a nonincarcerated individual and there is no "official capacity" legal designation for a person who works for a private entity.

Plaintiff filed an Application to Proceed in Forma Pauperis which contains insufficient facts about his income and property. Dkt. 5. He has not stated how much income—whether in the form of employment income, social security, worker

**ORDER REQUIRING PLAINTIFF TO TAKE FINANCIAL RESPONSIBILITY FOR CASE - 1**

compensation, or disability—he receives each month. He owns a fairly expensive 2024 Chevrolet Tahoe that has only a $15,000 lien on it, but does not state the value of that vehicle or how or when he was able to pay for the substantial equity he has in it. It is unclear whether he is the natural father of the children "who depend on him for support" or whether he is not. If he is asserting he has no income whatsoever, then he must state how he sustains himself and where and with whom he lives. Plaintiff submitted a check to the Clerk of Court to pay the entire fee, but then placed a stop-payment on it. He must submit a new in forma pauperis application addressing the issues set forth above or pay the full filing fee.

Plaintiff also desires to be able to use the Court's electronic filing system. The Court's current policy is to require pro se individuals to file via mail if they are unable to visit a courthouse. The Court will deny Plaintiff's request, but will provide him with 7, rather than 3, extra days for mailing each document. *See* Fed. R Civ. P. 6(d). Expensive Federal Express or other expedited services are not required.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 5) is DENIED without prejudice.

2. Plaintiff must either (1) file an amended in forma pauperis application or (2) pay the filing fee of $405 within 14 days after entry of this Order. Failure to take action will result in dismissal of this case without further notice.

**ORDER REQUIRING PLAINTIFF TO TAKE FINANCIAL RESPONSIBILITY FOR CASE - 2**

3.  Plaintiff's Motion for Leave to File Electronically (Dkt. 6) is DENIED. Plaintiff is granted 7, rather than 3, extra days for mailing each document.

4.  Plaintiff is authorized to proceed on his Amended Complaint (Dkt. 4) when he takes financial responsibility for his case, as noted above. He need not submit summonses. The Clerk of Court will prepare summonses when the filing fee issue has been resolved, and the Court will issue an order regarding service of process.

DATED: June 9, 2026

B. Lynn Winmill
U.S. District Court Judge

**ORDER REQUIRING PLAINTIFF TO TAKE FINANCIAL RESPONSIBILITY FOR CASE - 3**